Pratt *v.* King.

WARREN PRATT, Plaintiff in Error, *v.* WILLIAM M. KING, Defendant in Error.

*Error to Washington.*

1. In the authentication of a record from any State, the certificate of the judge must show that he is *the* judge, chief justice, or presiding magistrate of the court from which the record comes.
2. The official character of the judge must appear from his own certificate.

THE plaintiff offered as his evidence what purported to be a record from the Circuit Court of Knox County, in the State of Missouri; to which the defendant objected, on the ground that it was not properly authenticated. Objection sustained, and plaintiff nonsuited. The following is as much of the authentication as is necessary to show the questions in the decision of which it is said the court below erred. The attestation of the clerk, with the seal of the court annexed, to which no objection is made ; then this follows:

" STATE OF MISSOURI, {
4*th Judicial Circuit.* }

" I, Addison Rees, Judge of 4th Judicial Circuit, do certify that Jesse John, whose name is subscribed to the foregoing, &c., is, and was, &c., and that said certificate and attestation are in due form of law, &c.

" Given this 3d day of July, A. D. 1851.

" A. REES, Judge 4th Judicial Circuit, Mo."

Subjoined to which is the certificate of the said Jesse John, clerk, &c., with the seal of the court annexed, that Addison Rees, &c., " was and still is, Judge of the 4th Judicial Circuit of the State of Missouri, and Judge of the Circuit Court in and for said county of Knox," &c.

WILLIAMS, C. J. The act of Congress of 1790, (*U. S. Statutes at Large*, vol. 1, p. 122,) provides, " That the records and judicial proceedings of the courts of any State shall be proven, or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the *judge, chief justice,* or *presiding magistrate,* as the case may be, that the attestation is in due form." The second certificate of the clerk is no part of the authentication of this class of records, as provided by the above-cited act, and therefore proves nothing. It is extra-official, and must be treated as the statement of a private person. (*Oaks* v. *Hill,* 14 *Pick.* 442; *Wolfe* v. *Washburn,* 6 *Cowen,* 261; 1 *Greenleaf's Evidence,* 655.) In the attestation of the clerk, and the attempted certificate of the judge, there is nothing to show that Knox County is in the 4th Judicial Circuit; so that Addison Rees may be judge of said circuit, as he says, and not Judge of the Circuit Court of Knox County, any more than of the Circuit Court of any other county in the State.

All the certificates together, if the third could be included, do not prove as much as the act of 1790 requires. They show that Addison Rees is Judge of the Circuit Court of

Knox County, but not that he is " *the judge, chief justice, or presiding magistrate*" of said court.

For aught that appears, the Circuit Court of Knox County may consist of three judges, and of each it might be said, as in the certificate, he " is judge of said court," but, *non constat*, that he is *the judge*, which implies unity, or the *chief justice*, or *presiding magistrate*, which implies more than one. The authentication is defective, and the judgment must be affirmed. (*Stephenson* v. *Bannister*, 3 *Bibb*. 369; *Kirkland* v. *Smith*, 2 *Martin*, 497; 1 *Greenleaf's Ev.* 661.)